### TRANSFER OF TERRITORY FROM ONE SCHOOL DISTRICT TO ANOTHER.

Common Pleas Court of Clark County.

STATE OF OHIO, EX REL ORA BEAKLER ET AL, v. THE BOARD OF EDUCATION OF CLARK COUNTY.

Decided, May 8, 1916.

*Schools—Mandamus to Compel Transfer of Territory—Construction of Section 4696 as Amended, with Reference to Duty of School Board Upon Filing of a Petition.*

Where fifty per cent. of the electors of a country school district petition for transfer to another school district, the county board of education may order that the transfer be made; but if the petition contain the names of seventy-five per cent. or more of the said electors, the making of such an order and the passing of the petition on for further proceedings, as provided by statute, is mandatory.

*W. H. Griffith,* for plaintiffs.
*C. E. Ballard,* contra.

GEIGER, J.

The relators allege that on the 13th day of December they filed with the defendant, the county board of education of Clark county, and the board of education of Greene county, a petition

addressed to the boards of said counties, setting up that they are owners of real estate in Mad River township, Clark county, which adjoins the Osborne school district of Greene county, and that the petitioners constitute one hundred per cent. of the electors of the territory proposed to be annexed to the Osborne school district, and praying that the territory be annexed to the Osborne school district; and that on the same day they filed a plat or map of the real estate described in the petition; that on the 26th of February, 1916, the defendant, at a regular meeting, by a resolution duly adopted, denied the prayer of the petition and refused to allow the same, and refused to transfer the territory described therein, and that it still refuses to transfer the same to the Osborne school district.

The relators allege that they are more than seventy-five per cent. of the electors of the territory described in the petition, they being all of the electors residing in said district, and are heads of families having children of school age, and that it is necessary that they be transferred to the Osborne school district of Greene county; that the territory, the transfer of which is sought, is now a part of Mad River township, Clark county, Ohio, school district; the relators pray for a writ of mandamus commanding the defendant, the county board of education of Clark county, Ohio, to grant the prayer of the petition and to transfer the territory to the Osborne school district of Greene county.

To this petition the defendant files a general demurrer, on the ground the same does not state facts sufficient to show a cause of action.

The relators claim that they are entitled to have the territory named in the petition transferred by the county board of education of Clark county to the Osborne school district of Greene county, by virtue of Section 4696, Ohio Laws, 105-106, page 397. This section is as follows:

"A county board of education may transfer a part or all of a school district of the county school district to an adjoining exempted village school district or city school district, ·or to

another county school district, provided at least fifty per centum of the electors of the territory to be transferred petition for such transfer.   Provided, however, that if at least seventy-five per cent. of the electors of the territory petition for such transfer, the county board of education *shall* make such transfer.   No such transfer shall be in effect until the county board of education and the board of education to which the territory is to be transferred each pass resolutions by a majority vote of the full membership of each board, and until an equitable division of the funds or indebtedness be decided upon by the boards of education acting in the transfer; also a map shall be filed with the auditor or auditors of the county or counties affected by such transfer.''

The relators claim that being more than seventy-five per cent. of the electors of the district sought to be transferred, the mandatory provision of the section applies, and that the Clark county board of education, under said section, is required to make the transfer, and they seek, by mandamus, to compel the discharge of this duty by the defendant.

Mandamus is defined by Section 12283, to be a writ issued in the name of the state to an inferior tribunal, corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from the office, trust or station.

It is claimed, on the part of the defendant, while the statute states specifically that upon the petition of seventy-five per cent. of the electors of the district, the county board *shall* make the transfer, yet that this provision is directory merely, for the reason that the section further provides that no such transfer shall be in effect until the county board and the board of education to which the territory is transferred, pass resolutions by a majority vote of such boards, and until an equitable division of the funds or indebtedness be decided on by said boards.

It is claimed that the section reserves to the individual members of the board, a right to exercise a discretion as to whether such transfer shall be in effect and that, therefore, a mandamus will not lie to compel the individual members of the board to make the transfer.

The defendant is sustained in this by the opinion of the Attorney-General, dated October 8, 1915, found in Volume 3, No. 4, of the Department Reports of the State of Ohio, page 146. The Attorney-General, in this opinion, quotes from a former opinion to the effect that—

"It is manifest that mandamus would not lie to compel individual members of a board of education to act under Section 4782, G. C., because the action therein referred to is to be 'by resolution adopted by the vote of a majority of its members,' from which it clearly follows that the right of the individual members to vote as they see it, is preserved."

While Section 4696 as found in the Ohio Laws Volumes 105-106, page 397, has been passed as an amendment to Section 4696, as it formerly existed, it bears but slight resemblance to the amended Section 4696, as found in Ohio Laws Volume 104, page 135, or Section 4696, which was formerly Section 3896, R. S., Ohio Laws Volume 97, page 337.

This section, before the present amendment, bore almost solely upon the question of the distribution of the funds, or apportionment of the indebtedness of the transferred district. In the section, before the amendment, there was no power in the board of education to make the transfer of the territory, this having been accomplished through procedure in the probate court. What were formerly Sections 4693-94-95 and 97, relating to transfer of territory through an action in the probate court, have all been repealed by the act found in Volume 104 Ohio Laws, page 225, so there now seems to remain only the two Sections 4692 and 4696, relating to transfer of territory by a county board.

Section 4692 provides that a county board may transfer a part or all of a school district of the county to an adjoining district or districts of the county, and that such transfer shall not take effect until notice of the proposed transfer has been posted, nor if a majority of the electors residing in the territory to be transferred shall, within thirty days, file a written remonstrance against the proposed transfer.

Section 4696 relates to the transfer by the county board of education, of a part or all of a school district of the county school district to an adjoining village or city school district, or to another county school district—that is, to the school district of another county. This transfer shall not be in effect until the county board of education and the board of education to which the territory is to be transferred, shall each pass resolutions by a majority vote, and until there is an equitable division of the funds.

Under Section 4692, the transfer shall not be in effect if the electors remonstrate. Under Section 4696, the transfer shall not be in effect until the majority of the two boards shall pass a resolution and make an equitable division of the funds.

It is not quite clear as to what the resolutions by the full membership of each board, shall be addressed. The Attorney-General in his opinion concludes that these resolutions must be "in favor of such transfer," but it is equally possible and more natural to conclude that the resolutions are to be addressed simply to the time at which the transfer shall be in effect. It may, however, be the intention of the Legislature, that where a district is transferred from one county to another, or to a village or city district, that the transfer can not be in effect until the board to which the district is to be transferred has consented to the arrangement. As under Section 4696 the board is permitted to make the transfer, subject to the remonstrance of the electors, so under Section 4696 it may be that the transfer is to be made subject to the concurrence of both boards in the arrangement, not only as to the time when it is to go into effect, but to the plan by which territory in one county is to be attached to another county, village or city district.

However this may be, it appears to the court that it is clearly intended by the section to provide that what *may* be done by the board in case fifty per cent. of the electors of the territory petition for the transfer, *must* be done by the board in case seventy-five per cent. of the electors petition for the transfer. The transfer must be made, so far as the initial act is concerned, but such can not be in effect until both boards have passed resolutions

by a majority vote of the full membership of each board. This action by the members of the two boards puts into effect the transfer. It may well happen that on account of the arrangement of terms, or the expiration of the school year, that the boards might defer the going into effect of the transfer until some subsequent period, or it might happen that the board to which the territory is to be transferred, might refuse to assume the responsibility of the government of the territory sought to be transferred. It is quite possible that before the transfer goes into effect, there must be the exercise of a discretion by the members of the two boards, which can not be controlled or directed by mandamus, but it seems apparent that the Legislature intended to impose the mandatory duty upon the county board, when seventy-five per cent. of the electors of the district petition, and when such seventy-five per cent. have petitioned, the board must take the initial step. What may happen when the two boards seek, by separate resolutions, to put into effect the transfer, has nothing to do with the initial step that must be taken by the board upon the petition of seventy-five per cent. of the electors within a given district.

Mandamus will lie only where there is a plain dereliction of duty upon the part of public officers, and can never be invoked to control discretion which is being exercised in good faith, and with the sole view to public welfare. *State, ex rel,* v. *Commissioners,* 36 O. S., 326.

The action of a board of education may be controlled by mandamus in proper cases. *State, ex rel,* v. *Board,* 35 O. S., 368; *State, ex rel,* v. *Board,* 27 O. S., 96.

It is unfortunate that a statute of such importance should be so loosely drawn as to give rise to the questions here presented, but the court is not inclined to deny to the electors of a given district the right which seems to be granted by the statute, when more than seventy-five per cent. petition for the transfer of certain property.

The court, in this case, is not concerned with what will be the ultimate effect of such transfer. It is possible it may be entirely nullified by the refusal of the members of the two boards, in

their subsequent proceedings, which each must pass, which may not be controlled by mandamus.

The Attorney-General is of the opinion that the provision for a vote of the two boards modifies the mandatory provision of the statute requiring the county board to make the transfer, and that therefore the provisions of the entire statute are directory, and not mandatory.

The court is inclined to the view that the provision for the initial step, and the submission of the question to the two boards, is mandatory when seventy-five per cent. or more of the electors have filed a petition; otherwise, the Legislature is put in the position of offering an advantage in one breath, and withdrawing it in the next. The demurrer will be overruled.